No. 10,052.

HUERFANO DITCH & RESERVOIR CO. ET AL. *v.* WELTON LAND & WATER CO.

Decided March 5, 1923.    Rehearing denied April 2, 1923.

Petition for change of point of diversion of decreed water for irrigation. Change granted.

*Reversed.*

1. IRRIGATION—*Change of Point of Diversion—Pleading.* Demurrer to a petition for change of point of diversion, which shows upon its face that the proposed change was to make an enlarged use of the water, held improperly overruled.

2. PLEADING—*Construed against Pleader.* On general demurrer, prior to trial, a complaint must be construed most strongly against the pleader.

3. IRRIGATION—*Change of Point of Diversion.* In an application for change of point of diversion, where the court found that the change would injuriously affect the vested rights of other appropriators, the change should have been denied.

*Error to the District Court of Huerfano County, Hon. A. C. McChesney, Judge.*

Mr. M. G. SAUNDERS, Mr. E. F. CHAMBERS, Mr. C. S. ESSEX, Mr. JOHN H. VOORHEES, for plaintiffs in error.

Mr. JAMES T. LOCKE, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANT in error, hereinafter referred to as plaintiff, brought this action to change the point of diversion of certain irrigation waters. Plaintiffs in error, hereinafter referred to as defendants, were protestants below. The change was granted in part and to review that judgment this writ is prosecuted.

Plaintiff owns the Pryor ditch and the Welton ditch, both taking water from the Huerfano river. It sought to transfer two decreed priorities of three cubic feet each (the first of date May 15, 1862, and the second of date May 15, 1872) from the former ditch to the latter. The complaint alleged:

"Enlarged use of the water decreed to the Pryor Ditch and heretofore used for irrigation of the lands under said ditch, can be made and great advantage obtained by the petitioner by the use of said water so decreed

to the Pryor Ditch, if the same be transferred to the Welton Ditch and there diverted and used in the irrigation of said lands under the said the Welton Ditch."

To this complaint defendants demurred for want of facts and because the petition "shows upon its face that the purpose of the transfer is to make an enlarged use of the water." That demurrer was overruled.

The petition did show upon its face that one purpose of the proposed change was to make an "enlarged use" of the water. If this was an enlarged use as to time and amount no change could be granted. *Fort Collins Co. v. Larimer & Weld Co.*, 61 Colo. 45, 53, 156 Pac. 140; *Baca Ditch Co. et al. v. Coulson*, 70 Colo. 192, 195, 198 Pac. 272.

On general demurrer, prior to trial, a complaint must be construed most strongly against the pleader. 31 Cyc. 78, 79; *Supply Ditch Co. v. Elliott*, 10 Colo. 327, 332, 334, 15 Pac. 691, 3 Am. St. Rep. 586.

Hence the presumption that such "enlarged use" was intended. If the purpose of plaintiff was to compensate injury necessarily resulting from enlarged use by "terms as to time and accounts" the petition should have so specified. The demurrer should have been sustained.

The hearing took place July 30 and 31, and August 2, 1920. November 27, 1920, plaintiff filed the following waiver:

"Comes now The Welton Land & Water Company * * * and waives and foregoes its right to have and receive three cubic feet of water per second of time out of the Huerfano river, under and by virtue of appropriation priority No. 38, dated May 15th, 1872, * * * as a condition to the court making and entering in this cause an order transferring its appropriation priority No. 3 of date May 15th, 1862, for 3 cubic feet of water per second of time, from the headgate of the Pryor Ditch to the headgate of the Welton Ditch. * * *."

The change was granted as to priority No. 3 in findings and decree entered December 30, 1920, from which we quote the following:

"The court further finds that as a condition to the change of the point of diversion of Priority No. 3, the petitioner has filed in this cause a waiver or an abandonment of the use of the water evidenced by Priority No. 38, and consents that the same may be abandoned, provided the decree changing the point of diversion of said Priority No. 3 becomes final and irrevocable, and

The court further finds that by the abandonment of said Priority No. 38, all water users on said stream and its tributaries will be fully and amply compensated for any possible loss by the change of the point of diversion of Priority No. 3." * * *

"That the use of Priority No. 38 in said decree shall be abandoned and discontinued by petitioner as a condition for the transfer of said Priority No. 3, and to obviate possible injury, damage and loss of other users by the change in the point of diversion of Priority No. 3."

Not only is the construction here given the petition, i. e., that the term "enlarged use" therein related both to amount and time, supported by the evidence, but that it is conceded by plaintiff is established by its waiver or abandonment of priority No. 38 in consideration of the granting of the change as to priority No. 3. Moreover, that the court so found from the evidence is established by the court's requirement of such waiver or abandonment as a condition precedent to a decree for said change.

The court therefore found upon sufficient evidence that the change prayed for would be detrimental to other appropriators. It also found that the measure of such detriment was the equivalent of priority No. 38 and granted the change in consideration of the forfeiture. Assuming the right of the court to so decree, provided there is evidence to support the conclusion, there is no such evidence in this record. The abandonment of priority No. 38 could inure only to the benefit of appropriators subsequent to May 15, 1872. We see no escape from the conclusion that the court found that the change decreed would result in injuries to appropriators having priorities dated between

May 15, 1862 and May 15, 1872. Such injuries remain uncompensated and for that reason, if no other, the decree can not stand.

Plaintiff meets this apparent error only by the contention that there was evidence to justify the court in concluding that it had reduced the area of its irrigated land under the Pryor ditch fifty per cent, which was equivalent to an abandonment of one-half of its decreed priorities, for which reason the court required the waiver as to No. 38. This is flatly contradicted by the findings of the court that the abandonment of priority No. 38 would compensate other users for loss by the change of No. 3. If not already abandoned there is no evidence to support the finding; if already abandoned there is no compensation.

For the foregoing reasons the judgment is reversed and the cause remanded with directions to the trial court to enter judgment denying the change.

MR. JUSTICE SHEAFOR not participating.